UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN BAINER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1163-JBM |
| | ) |
| EL PASO COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and currently held at the Stateville Correctional Center, has filed a one-paragraph complaint in Federal Court, presumably under §1983, complaining of conditions at the El Paso County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### MATERIAL FACTS

Plaintiff sparsely pleads that from October 15, 2020 through November 14, 2020, "the County forced everyone to catch COVID-19." Plaintiff claims that he grieved the matter but was transferred to prison before he was able to complete the grievance process. Plaintiff attaches

documents to his complaint, which indicate that he has filed this same claim with the Illinois Court of Claims.

## ANALYSIS

Plaintiff cannot proceed here under section 1983 as he names the Jail as the only Defendant. A county jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013) ("the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Jail is DISMISSED with prejudice.

Plaintiff will be given an opportunity to replead and, if he does so, he is to identify those individuals whom he holds responsible for violating his constitutional rights. Plaintiff is also to indicate the status of the case he has filed with the Illinois Court of Claims. If the state court case has concluded with a final disposition on the merits, Plaintiff may not "appeal" a loss to the federal courts. *See Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 967 (N.D. Ill. 2014) (internal citations omitted) ("[t]he *Rooker– Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment.)[1] *See also*, *Campbell v. Detella*, 33 Fed. Appx. 829, 830 (7th Cir. 2002) ("a federal court is not an appropriate venue for [plaintiff's] disagreement with the Illinois Court of Claims' handling of his case… federal courts lack jurisdiction to hear claims adjudicated by state courts or claims that are inextricably intertwined with the merits of a state court judgment.")

---

[1] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. The Clerk is directed to forward a § 1983 form complaint to Plaintiff to assist him. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's petition to proceed *in forma pauperis* [ECF 3] is DENIED as the Court has not received Plaintiff's relevant trust fund ledgers. The Clerk is directed to follow-up this matter. Plaintiff is given leave to file a new *in forma pauperis* petition if he files an amended complaint.

  10/26/2021                                                                  s/Joe Billy McDade
DATE                                                                          JOE BILLY McDADE
                                                                                UNITED STATES DISTRICT JUDGE